**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| ANTONIO PURIFOY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| GEICO CASUALTY COMPANY, | ) |
| | ) CIV. A. NO. 24-0301-MU |
| Defendant/Third-Party Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Third-Party Defendant. | ) |

## ORDER AND JUDGMENT

On January 17, 2023, Plaintiff Antonio Purifoy, was involved in an automobile accident with Caleb A. Quackenbush at the intersection of Cottage Hill Road and Pleasant Road in Mobile, Alabama. (Doc. 1-1; PageID. 6). Quackenbush was employed by the Coast Guard as a Seaman at the time of the automobile accident with Plaintiff. (Doc. 1-3; PageID. 10-11). Plaintiff had an automobile insurance policy with Geico Casualty Company that provided uninsured and underinsured motorist ("UM/UIM") coverage. (*Id.;* PageID. 5-6).

On June 8, 2023, Plaintiff filed a complaint in the Circuit Court of Mobile County, Alabama, against Geico seeking UM/UIM benefits as a result of the accident with Quackenbush and Geico, in turn, filed a third-party complaint against Quackenbush seeking subrogation and/or indemnification. (Docs. 1-1 and 1-2). The United States

removed the action to this Court on August 27, 2024 and was substituted as the third-party defendant in place of Quackenbush pursuant to the Westfall Act. (Docs. 1, 26).

On September 3, 2024, the United States filed a motion to dismiss the third-party complaint filed against it by Geico, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that Quackenbush as a Coast Guard employee is entitled to Westfall Act immunity. (Doc. 5). Defendant Geico filed a motion to dismiss Plaintiff's complaint on September 17, 2024, adopting the arguments asserted by the United States. (Doc. 8). Plaintiff Antonio Purifoy filed a response to this motion. (Doc. 10). Plaintiff also included in his response a motion to strike the United States Attorney's scope of employment certification. The United States filed a brief in reply to these filings. (Doc. 17).

In light of Plaintiff's motion to strike the scope of employment certification, the Court ordered the parties to conduct limited discovery on the issue of whether Quackenbush was acting within the scope of his employment (Doc. 28), and the parties conducted such discovery. Thereafter, the parties fully briefed the issue (Docs. 32 and 33), and the motion to strike the United States Attorney's scope of employment certification came before the Court for oral argument on February 13, 2025. At oral argument, the parties agreed that the sole issue to be determined was whether Quackenbush was acting within the line and scope of his employment with the Coast Guard at the time of the accident. The parties further agreed that the Court's conclusion on this issue was also determinative of the pending motions to dismiss.

Having considered the well-written and thorough briefs of the parties and the well-presented oral arguments, for the reasons stated in open court, Plaintiff's motion to

strike the United States Attorney's scope of employment certification is **DENIED.** Therefore, because Quackenbush was acting within the line and scope of his employment at the time of the accident, Westfall Act immunity applies. Accordingly, the motion to dismiss Geico's third party complaint filed by Third-Party Defendant United States of America (Doc. 5) and the motion to dismiss Plaintiff Antonio Purifoy's complaint filed by Defendant/Third-Party Plaintiff Geico Casualty Company (Doc. 8) are hereby **GRANTED.**

It is **ORDERED, ADJUDGED,** and **DECREED** that both Plaintiff's Complaint (Doc. 1-1) and Third-Party Plaintiff's Complaint (Doc. 1-2) are hereby **DISMISSED with prejudice.**

**DONE** and **ORDERED** this the **14th** day of **February, 2025**.

s/P. BRADLEY MURRAY
UNITED STATES MAGISTRATE JUDGE